UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---------------------------------------------------------x

DANIEL TODD,                        :
an individual,                      :        CASE NO.:
                                    :
            Plaintiff,              :        Judge:
vs.                                 :
                                    :        Magistrate:
MAGNOLIA STATE                      :
CONSTRUCTION, LLC                   :
                                    :
                                    :
                                    :
            Defendant.              :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, DANIEL TODD, by and through his undersigned counsel, hereby files this Complaint and sues MAGNOLIA STATE CONSTRUCTION, LLC (hereinafter referred to as "DEFENDANT"), for damages, declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1.     This is an action for relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

1

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, DANIEL TODD, (hereinafter referred to as "MR. TODD"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. TODD resides in Rapides Parish, Louisiana.

6. MR. TODD is a qualified individual with a disability under the ADA and the LCHR. MR. TODD is missing a leg.

7. Due to his disability, MR. TODD is substantially impaired in several major life activities including walking and standing and requires a wheelchair to ambulate.

8. Upon information and belief, MAGNOLIA STATE CONSTRUCTION, LLC is a Louisiana limited liability company doing business in Rapides Parish, Louisiana. Upon information and belief, this company is the owner of the real properties and improvements which are the subject of this action, to wit: 4720-4810 Jackson Street, Alexandria, Louisiana 71303 (hereinafter referred to as "the Property").

9. Upon information and belief, according to the Rapides Parish Tax Assessor, the Property was purchased in 2013 by Naalbandian Properties LLC.

10. Upon information and belief, according to the Louisiana Secretary of State, Naalbandian Properties LLC merged with MAGNOLIA STATE CONSTRUCTION, LLC on February 4, 2025. MAGNOLIA STATE CONSTRUCTION, LLC is the survivor company.

11. The Property is a strip mall, consisting of two buildings with a shared parking lot, with

addresses 4720-4810 Jackson Street, including a beauty salon, boutique, small grocery store, and restaurant, among other businesses.

12.    DEFENDANT is obligated to comply with the ADA and the LCHR.

13.    All events giving rise to this lawsuit occurred in the Western District of Louisiana, Rapides Parish, Louisiana.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14.    MR. TODD realleges and reavers the above Paragraphs as if they were expressly restated herein.

15.    The Property is a place of public accommodation, subject to the ADA, generally located at: 4720-4810 Jackson Street, Alexandria, Louisiana 71303.

16.    MR. TODD has visited the Property previously and plans to visit the Property again in the future.

17.    During his visit, MR. TODD was deterred from entering the Property because of the architectural barriers described below.

18.    MR. TODD lives approximately four (4) miles from the Property.

19.    MR. TODD plans on returning to the Property but fears that he will encounter the same barriers to access which are the subject of this action.

20.    Until the physical barriers are remedied by DEFENDANT, and until an Order of injunctive and declaratory relief is entered against DEFENDANT, MR. TODD is deterred from visiting the Property.

21.    Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*.

and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. TODD due to, but not limited to, the following violations which exist at the Property:

I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

A.  There are not enough designated-accessible parking spaces;

B.  The northern designated-accessible parking space lacks an access aisle;

C.  The northern designated-accessible parking space lacks an accessible curb ramp;

D.  Other mobility-related ADA barriers to be identified following a complete inspection.

22.    Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23.    Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

24.    Upon information and belief, removal of the barriers to access located on the Property would provide MR. TODD with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

25.    MR. TODD has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. MR. TODD is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

26. MR. TODD repeats and realleges all preceding paragraphs in support of this claim.

27. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

28. At all times relevant to this action, MR. TODD has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

29. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

30. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

31.    The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

32.    DEFENDANT discriminated against MR. TODD, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed above.

33.    MR. TODD deems himself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein.

34.    MR. TODD is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. TODD demands judgment against DEFENDANT, and requests the following injunctive relief, damages, and declaratory relief:

A.    That this Court declare that the Property owned and/or operated, by DEFENDANT, is in violation of the ADA and the LCHR;

B.    That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

6

C.      That this Court award damages to MR. TODD pursuant to LA. REV. STAT. ANN. §

51:2264 for the discriminatory conduct of the DEFENDANT in violation of the

LCHR;

D.      That this Court award reasonable attorneys' fees, costs (including expert fees), and

other expenses of suit, to MR. TODD pursuant to the ADA and the LCHR; and

E.      That this Court award such other and further relief as it deems necessary, just and

proper.

Respectfully Submitted,

**BIZER & DeREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email:  andrew@bizerlaw.com
        gdereus@bizerlaw.com
        eva@bizerlaw.com